**[17]**

Dean M. Gloster (State Bar No. 109313)
    dgloster@fbm.com
Mark D. Petersen (State Bar No. 111956)
    mpetersen@fbm.com
Kelly A. Woodruff (State Bar No. 160235)
    kwoodruff@fbm.com
FARELLA BRAUN + MARTEL LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Attorneys for SSC Farms I, LLC and
SSC Farms II, LLC

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>SK FOODS, L. P., a California limited partnership,<br><br>        Debtor.<br>———————————————<br>SSC FARMS I, LLC and SSC FARMS II, LLC, California limited liability companies,<br><br>        Plaintiffs,<br><br>        vs.<br><br>OLAM TOMATO PROCESSORS, INC., a Delaware corporation, and DOES 1-10,<br><br>        Defendants.<br>———————————————<br>OLAM TOMATO PROCESSORS, INC.,<br><br>        Counterclaimant,<br><br>        vs.<br><br>SSC FARMS I, LLC and SSC FARMS II, LLC,<br><br>        Counterdefendants. | Case No. 09-29162-D-11<br>Chapter 11<br><br>Adv. Proc. No. 11-02639<br><br>DC No. FBM-1<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR REMAND TO STATE COURT, ABSTENTION, OR, IN THE ALTERNATIVE, TO DISMISS**<br><br>Date: November 16, 2011<br>Time: 10:00 a.m.<br>Location: Dept. D, Courtroom 34<br>        501 I Street, 6th Floor<br>        Sacramento, CA<br>Judge: Hon. Robert S. Bardwil |

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

MPA ISO MOTION FOR REMAND TO STATE COURT,
ABSTENTION, OR ALTERNATIVELY TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................... 1

FACTUAL BACKGROUND ...................................................................................... 2

    A.    Olam's Purchase of the Lemoore Assets and Assumption of the Discharge Agreements ............................................................................. 2

    B.    Olam's Breach of the Discharge Agreements ...................................... 3

    C.    Procedural History ................................................................................ 6

ARGUMENT ................................................................................................................ 7

    A.    The State Court Complaint Was Improperly Removed And Must Be Remanded ............................................................................................. 7

        1.    Remand Is Required Because this Court Lacks Subject Matter Jurisdiction ...................................................................... 7

            a.    The State Law Claims At Issue Here Do Not Arise Under Title 11 or In A Title 11 Proceeding .............................. 8

            b.    This Action Should Be Remanded Because It Is Not "Related To" The Bankruptcy Proceeding .................................. 10

        2.    Remand Is Further Justified Under 28 U.S.C. § 1452(b)('Equitable Remand') And/Or 28 U.S.C. § 1334 (c)(1)('Permissive Abstention') ...................................................................... 11

    B.    The Adversary Proceeding Should In The Alternative Be Dismissed For Lack Of Jurisdiction And Re-Filed In State Court. ............................ 17

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

MPA ISO MOTION FOR REMAND TO STATE COURT,
ABSTENTION, OR ALTERNATIVELY TO DISMISS    - i -
FOR LACK OF SUBJECT MATTER JURISDICTION

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Bally Total Fitness Corp., v. Contra Costa Retail Ctr,*
    384 B.R. 566 (Bankr. N.D. Cal. 2008)................................................................ 11, 15

*Celotex Corp. v. Edwards,*
    514 U.S. 300 (1995).............................................................................................. 7

*Digeo, Inc. v. Hsiao-Shih Chang,*
    (In re IPDN Corp.), 352 B.R. 870, 876-77.......................................................... 9

*Gaus v. Miles, Inc.,*
    980 F.2d 564 (9th Cir. 1992)................................................................................ 8

*Hertz Corp. v. Friend,*
    130 S. Ct. 1181 (2010).......................................................................................... 17

*Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.,*
    535 US 826 (2002)................................................................................................ 14

*In re Eastport Assocs.,*
    935 F.2d 1071 (9th Cir. 1991).............................................................................. 12

*In re Enron Corp.,*
    296 B.R. 505, 508 (Bankr. C.D. Cal. 2003)......................................................... 11, 16

*In re Fietz,*
    852 F.2d 455 (9th Cir. 1988)................................................................................ 10

*In re Nat'l Century Fin. Enters., Inc., Inv. Litig.,*
    323 F. Supp. 2d 861 (S. D. Ohio 2004) ............................................................... 11

*In re Schmidt,*
    453 B.R. 346 (8th Cir. BAP 2011)....................................................................... 9

*In re Tucson Estates, Inc.,*
    912 F.2d 1162 (9th Cir. 1990).............................................................................. 12

*Matter of Wood,*
    825 F.2d 90 (5th Cir. 1987).................................................................................. 9

*McCarthy v. Prince, ,*
    230 B.R. 414 (5th Cir. BAP 1999)....................................................................... 11

*Nat'l City Bank v. Coopers and Lybrand,*
    802 F.2d 990 (8th Cir. 1986)................................................................................ 8

*Pacor, Inc. v. Higgins,*
    743 F.2d 984 (3d Cir. 1984).................................................................................. 10

*Sec. Farms v. Int'l Bd. Of Teamsters,*
    124 F.3d 99 (9th Cir. 1997)................................................................................... 11, 17

MPA ISO MOTION FOR REMAND TO STATE COURT,
ABSTENTION, OR ALTERNATIVELY TO DISMISS          - ii -
FOR LACK OF SUBJECT MATTER JURISDICTION

*Smith v. Wal-Mart Stores, Inc.,*
    305 F. Supp. 2d. 652, 657 (S.D. Miss. 2003) ................................................................ 11, 12

*Stern v. Marshall,*
    131 S. Ct. 2594 (2011) ................................................................ 9, 14

*Things Remembered, Inc. v. Petrarca,*
    516 U.S. 124 (1995) ................................................................ 7, 10

*United Computer Sys., Inc. v. AT&T Corp.,*
    298 F.3d 756 (9th Cir. 2002) ................................................................ 8

*W. Helicopters Inc. v. Hiller Aviation, Inc.,*
    97 B.R.1, 5 (Bankr. E.D. Cal. 1988) ................................................................ 11

**STATE CASES**

*Caira v. Offner,*
    126 Cal. App. 4th 12 (2005) ................................................................ 15

*Patterson v. Ins. Co. of N. Am.,*
    6 Cal. App. 3d 310 (1970) ................................................................ 15

*Raedeke v. Gibraltar Savings & Loan Ass'n.,*
    10 Cal. 3d 665 (1974) ................................................................ 15

**FEDERAL STATUTES**

11 U.S.C. § 522 ................................................................ 8

11 U.S.C. § 525 ................................................................ 8

28 U.S.C. §157(a) ................................................................ 8

28 U.S.C. §157(b) (2) ................................................................ 9

28 U.S.C. §157(b)(2)(H) ................................................................ 6

28 U.S.C. §§157(b)(2)(A), (b)(2)(K) and (b)(2) (O) ................................................................ 6

28 U.S.C. §1334 ................................................................ passim

28 U.S.C. §1334(b) ................................................................ 8, 10

28 U.S.C. §1334(c)(1) ................................................................ 7, 12

28 U.S.C. §1334(c)(2) ................................................................ 11

28 U.S.C. §1334, (6) ................................................................ 12

28 U.S.C. §1447 ................................................................ 7

28 U.S.C. §1447 (c) ................................................................ 7, 8, 11

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

MPA ISO MOTION FOR REMAND TO STATE COURT,
ABSTENTION, OR ALTERNATIVELY TO DISMISS    - iii -
FOR LACK OF SUBJECT MATTER JURISDICTION

28 U.S.C. §1452 ................................................................................. 6, 7, 11

28 U.S.C. §1452(a) ................................................................................. 8, 11

28 U.S.C. §1452(b) ................................................................................. 7, 8, 11

**FEDERAL RULES AND REGULATIONS**

Fed. R. Civ. P. 12(b)(1) ................................................................................. 17

**TREATISES**

1 *Collier on Bankruptcy* (1987) ................................................................................. 9

3 *Collier on Bankruptcy* (16th ed. 2011) ................................................................................. 10

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

MPA ISO MOTION FOR REMAND TO STATE COURT,
ABSTENTION, OR ALTERNATIVELY TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION

- iv -

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

This dispute involves no questions of federal, let alone bankruptcy, law. It arises out of a business dispute among non-debtor parties to these bankruptcy proceedings. As there is no connection between the purely state law claims at issue in this business dispute and the pending bankruptcy proceedings, there is no basis to bring it before this Court. SSC Farms I, LLC and SSC Farms II, LLC (collectively, "SSC Farms") therefore respectfully request that this Court remand this action to California Superior Court or dismiss this matter for lack of subject-matter jurisdiction.

SSC Farms – two distinct non-debtor entities– originated this action by filing a complaint against Olam Tomato Processors, Inc. ("Olam") – also a non-debtor with its principal place of business and headquarters in California – in California Superior Court (the "State Court Complaint" or "State Court Case"). SSC Farms alleged state law claims for breach of contract, nuisance, and trespass arising out of Olam's admitted pollution of SSC Farms' property, as well as its failure to pay amounts due under applicable contracts. Before even answering the complaint, on the day after it was filed, Olam removed the State Court Complaint to this Court, and only then filed an answer and purely state law counterclaims.

None of Olam's or SSC Farms' claims arises under Title 11. None of the claims arises in a Title 11 proceeding. The dispute, which concerns the contractual and property rights of non-debtor California parties, will not affect the administration of the bankruptcy estate and is not "related to" these proceedings. This Court therefore lacks jurisdiction under 28 U.S.C. § 1334 to hear this suit, and should abstain from hearing this matter, remand it to Kings County Superior Court, or dismiss it pursuant to Fed. R. Civ. P 12(b)(1).

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

MPA ISO MOTION FOR REMAND TO STATE COURT,
ABSTENTION, OR ALTERNATIVELY TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION

- 1 -

# FACTUAL BACKGROUND

A.    **Olam's Purchase of the Lemoore Assets and Assumption of the Discharge Agreements.**

SSC Farms own real property located in Kings County (the "Property").[1] Prior to the filing of this bankruptcy case, SSC Farms entered into agreements ("Discharge Agreements") with Debtor SK Foods L.P. ("SK Foods" or "Debtor") allowing SK Foods to discharge large quantities of wastewater from its Lemoore tomato processing facility onto the Property. *See* RJN, Exs. 1 and 2 (copies of the Discharge Agreements between SK Foods and SSC Farms I and II). Olam now stands in SK Foods' shoes, having both purchased the Lemoore assets and assumed the Discharge Agreements. *See* TRO Opposition at pp. 2-4.

A dispute arose and was resolved over two years ago between SSC Farms and the Trustee for the Debtor concerning whether the Discharge Agreements were executory and would be assumed and assigned pursuant to Bankruptcy Code Section 365. [Bkr. Dkt. No. 205.] That dispute was ultimately resolved by settlement, under which SSC Farms withdrew their objection to the sale of assets to Olam and agreed to certain modifications of the Discharge Agreement and the Trustee agreed to assume and assign the Discharge Agreements (as modified) to Olam, upon the closing of the sale of substantially all of Debtors' assets ("Settlement"). The motion to approve the Settlement stated it was a motion seeking approval of the assumption and assignment to the asset purchaser of the Discharge Agreements. Motion for Approval of Settlement or Compromise ("9019 Motion"), RJN Ex. 3 [Bkr. Dkt. No. 410].

This Court approved the Settlement and granted the 9019 Motion by an order ("Approval Order") entered June 25, 2009. Approval Order, RJN Ex. 6 [Bkr. Dkt. No. 420]. The Court also granted the Sale Motion ("Sale Order") and approved the sale of substantially all of Debtors' assets to Olam. Sale Order, RJN Ex. 7 [Bkr. Dkt. No. 427]. The Approval Order approved the

---

[1] SSC Farms described in more detail the factual history in their Opposition to the TRO Application ("TRO Opposition"") (Dkt. No. 23, Sep. 22, 2011), and supporting papers, which are incorporated herein by reference. This Motion summarizes the facts showing that remand is warranted, and refers to, where applicable, exhibits that accompanied the Declaration of Dean M. Gloster ("Gloster Decl.") (Dkt. No. 24, Sep. 22, 2011) and Request for Judicial Notice ("RJN") (Dkt. No. 25, Sep. 22, 2011) filed in support of the TRO Opposition.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

MPA ISO MOTION FOR REMAND TO STATE COURT,
ABSTENTION, OR ALTERNATIVELY TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION

- 2 -

Settlement calling for payment in advance of discharge fees and a single one-year extension option, and also provided that, except as modified, all other terms contained in the Discharge Agreements remained in "full force and effect." RJN Ex. 6, at 2 (emphasis added). Finally, the Approval Order provided that "[a]ny purchaser of substantially all of Debtors' assets <u>shall be bound</u> by the Wastewater Discharge Agreements, as modified and they <u>shall have no rights greater than those held by the Debtors</u> under this agreement." *Id.* (emphasis added).

Similarly, the Sale Order authorized the sale and transfer of Debtors' assets identified in the purchase agreement. RJN Ex. 7, at 6. With regard to the Discharge Agreements, the purchase agreement provided that the Trustee would sell, and Olam would buy "[a]ll easements, licenses and other contract rights for the delivery of discharge wastewater from the Lemoore Facility and the Williams Facility to the Wastewater Discharge Property." Exhibit A to Sale Motion [Bkr. Dkt. No. 247]. This Court's orders leave no doubt that Olam is now bound by the Discharge Agreements.

Olam has never disputed these orders at the time, or objected that it was not bound by the Discharge Agreements. Indeed, upon the close of the sale to Olam, Olam made the payments required under the modified Discharge Agreements. After that point, however, Olam has consistently and continuously breached its obligations to SSC Farms and sought to evade enforcement of the Discharge Agreements.

**B.    Olam's Breach of the Discharge Agreements.**

The Approval Order called for payment in advance for two years of discharge fees upon closing of the asset sale, and permitted Olam, as the asset buyer, to exercise an option to extend the agreement term for an additional year by paying the discharge fee under the same terms for that additional year. RJN Ex. 6, at 2. Olam provided notice of the exercise of that option in April, 2011. Gloster Decl. Ex. 1, at 2. The Discharge Agreements require payment for the one year extension term (together with a 15% increase in fees starting in May 1, 2011) to be made by May 1, 2011 for the whole year's base fee. RJN Ex. 2, section 4.B. As discussed below, Olam failed to pay the required fee, and likewise failed to comply with numerous other provisions of the Discharge Agreements.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

MPA ISO MOTION FOR REMAND TO STATE COURT,
ABSTENTION, OR ALTERNATIVELY TO DISMISS       - 3 -
FOR LACK OF SUBJECT MATTER JURISDICTION

1    On August 25, 2011, counsel for SSC Farms sent a notice of default to Olam and its

2    counsel (Gloster Decl. ¶ 3 and Ex. 1), declaring numerous breaches of the Discharge Agreements

3    that Olam was bound by under the Approval Order.  SSC Farms in particular notified Olam that it

4    was in violation of the terms of its Regional Water Quality Control Board ("RWQCB") permit—

5    itself an additional breach of the Discharge Agreements—  (Gloster Decl. Ex. 1, at p. 4; Ex. 5 at

6    p.1; Ex. 6; TRO Application, Ex. 2, at p. 3, ¶ 15.) and that it had not provided SSC Farms, as

7    required, with its RWQCB filings and correspondence or its daily water discharge on the

8    Property.  Olam also failed to make required payments (including late payments) to SSC Farms

9    and had not paid property taxes and costs and assessments for water, utilities, and irrigation.

10   Finally, Olam had not kept the Property free of liens, as the Trustee had placed a lis pendens on

11   the property and had not obtained insurance or named SSC Farms as additional insureds.

12       Olam responded on August 29, 2011, and did not deny any of the defaults.  Instead, it

13   asserted that there was "no need" to do so, because Olam was "not in contractual privity" with the

14   owners and therefore any violations were irrelevant.  Gloster Decl. Ex. 3.  SSC Farms responded,

15   disputing these assertions and requesting that Olam cure its defaults or cease discharge.  Gloster

16   Decl. Ex. 3.

17       Olam failed to cure any of the defaults.  Olam did not cease discharging wastewater.

18   Olam did not deny its breach of the Discharge Agreement.  Instead, Olam's only response was to

19   assert that it had no obligation to comply with any of the provisions of the Discharge Agreement

20   that had been breached, and that SSC Farms had no rights enforceable against Olam.  Gloster

21   Decl. Ex. 4.  Olam did, however, provide on September 9, 2011 (well after the cure date had

22   passed) copies of some reports and filings with the RWQCB.  *See* Gloster Decl. Ex. 4, p. 2.

23   Those reports demonstrated that Olam was also violating the permit and Discharge Agreements

24   by discharging excessive wastewater.[2]  Gloster Decl. Ex. 6; State Court Case Complaint, at p. 3,

25   ¶ 15.

26   ---

[2] Olam's discharge undisputedly violates the RWQCB Permit and applicable law in numerous
27   ways: 1) contaminated and stagnant water has been dumped on the Property (Gloster Decl. Ex 5,
     p.1; State Court Complaint, p. 3, ¶ 15); 2) the volume of wastewater dumped exceeds the amounts
28   allowed under the RWQCB permit (Gloster Decl. Ex. 6; RJN Exs. 1 and 2); 3) stagnant, stinking,

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

MPA ISO MOTION FOR REMAND TO STATE COURT,
ABSTENTION, OR ALTERNATIVELY TO DISMISS                    - 4 -
FOR LACK OF SUBJECT MATTER JURISDICTION

On September 9, 2011, after giving Olam every opportunity to cure the defaults, SSC Farms notified Olam that Olam's rights were terminated and that Olam had no more right to dispose of wastewater on the parcels or to continue to trespass, and that if Olam did not immediately cease the discharge, the owners would close the valve on the property to prevent further trespass. Gloster Decl. Ex. 5. Olam, through counsel, threatened criminal prosecution and potential confrontation and (as expected) Olam employees came onto the property, broke locks and removed no trespassing signs to reopen the valve and prevent it from being closed again. Gloster Decl. Ex. 6. In a conversation with the Sheriff, to avoid a breach of the peace in the future, SSC Farms' counsel agreed that the owners would not close the valve again or interfere with Olam's discharge without a court order authorizing them to do so. Gloster Decl. ¶ 10.

Beyond those defaults, it appears that Olam installed long stretches of main line without SSC Farms' permission, and may even be dumping wastewater onto parcels which Olam never got any legal rights to do so. Gloster Decl. Ex. 6. Finally, Olam then sought (through its TRO Application) to exclude the owners of the Property and their agents from the parcels, which violates sections 7.E and 8 of the Discharge Agreements, providing the right to monitor discharges and preserving the owners' right of entry onto the Property. RJN Ex. 2, at p. 3.

In response to the notices of breach, Olam asserted that (A) it has no obligation to cure even clear breaches, and (B) the owners have no remedies against Olam for those clear breaches, since Olam is not bound by the Discharge Agreements. *See* Gloster Decl. Exs. 2 and 4. It therefore continued to violate the Discharge Agreements, even though it's position is directly contrary to the wording of the Discharge Agreements, which are "binding upon… successors" (RJN, Exs. 1 and 2, at section 32), and directly contrary to the Approval Order entered by this Court. SSC Farms filed the State Court Complaint to enforce its rights under California law.

contaminated red-colored water has pooled on the property, can be smelled from beyond the property, and is a breeding ground for mosquitoes and an attraction for flies (Gloster Decl. Ex. 5, p. 1; State Court Complaint, p. 6 ¶¶ 28-30); and 4) Olam failed to provide quarterly groundwater monitoring reports to the owners (as required by the RWQCB permit) to monitor migration of the groundwater offsite, including down gradient (State Court Complaint, pp. 3-4 ¶ 160).

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

MPA ISO MOTION FOR REMAND TO STATE COURT,
ABSTENTION, OR ALTERNATIVELY TO DISMISS                - 5 -
FOR LACK OF SUBJECT MATTER JURISDICTION

1    **C.      Procedural History.**

2          SSC Farms filed the State Court Complaint on September 13, 2011.  The State Court

3    Complaint asserts state law claims only: breach of contract (State Court Complaint pp. 7-8);

4    declaratory relief (*id.* at pp. 8-9); continuing trespass (*id.* at p. 9); and continuing nuisance (*id.* at

5    p. 10).  SSC Farms further made a demand for trial by jury on all issues so triable.  (*Id.* at p. 12).

6          Olam immediately removed the State Court Case to this Court on September 14, 2011,

7    pursuant to 28 U.S.C. § 1452.  Adversary Proceeding Cover Sheet (Dkt. No. 2, September 14,

8    2011).  Olam's Notice of Removal asserts that jurisdiction exists under 28 U.S.C. § 1334 because

9    this Action requires Bradley D. Sharp, Chapter 11 Trustee (the "Trustee") to be a necessary party

10   to the case, and that this Court will be required to interpret various of this Court's orders in the

11   bankruptcy proceedings related to the wastewater Discharge Agreements.  *See* Notice of

12   Removal, ¶¶ 1-2(Dkt. No. 1, September 14, 2011).  Furthermore, Olam asserts that this Action

13   would, upon removal, constitute a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (b)(2)(K),

14   and (b)(2)(O).  *Id.* at ¶ 3.

15         On September 20, 2011, Olam filed an answer ("Olam's Answer") to the removed State

16   Court Complaint.  (Dkt. No. 17, Sep. 20, 2011)  Olam additionally filed a counterclaim

17   ("Counterclaim") asserting California law claims for: intentional interference with contract

18   (Counterclaim at ¶¶ 22-26); trespass (*id.* at ¶¶ 27-30); declaratory relief (*id.* at ¶¶ 31-34); and

19   injunctive relief (*id.* at ¶¶ 35-37).  (Dkt. No. 21, Sep. 20, 2011)  Olam's Counterclaim asserted

20   bankruptcy court jurisdiction on the ground that their intentional claims constituted a "core

21   proceeding" and thus jurisdiction was proper pursuant to 28 U.S.C. § 157(b)(2)(H).  On

22   September 20, 2011, Olam applied *ex parte* for a Temporary Restraining Order (the "TRO

23   Application" ) (Dkt. No. 10, Sep. 20, 2011), to be heard on shortened time on September 22,

24   2011.  Upon hearing arguments from counsel on September 22, 2011, this Court denied Olam's

25   Application.

26

27

28

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

MPA ISO MOTION FOR REMAND TO STATE COURT,
ABSTENTION, OR ALTERNATIVELY TO DISMISS                              - 6 -
FOR LACK OF SUBJECT MATTER JURISDICTION

## A. THE STATE COURT COMPLAINT WAS IMPROPERLY REMOVED AND MUST BE REMANDED.

Remand of actions removed to bankruptcy court is governed both by 28 U.S.C. § 1452 and § 1447. *See Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 129 (1995) (noting that § 1447 and § 1452 are both applicable to remand actions removed to bankruptcy courts). When a bankruptcy court lacks the subject matter jurisdiction to hear an improperly removed case, remand is required under section 1447(c). *See* 28. U.S.C. § 1447(c) (providing that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded").

Even if bankruptcy jurisdiction existed in this Action (it does not), this Court, in the alternative, should exercise discretion to ensure that these state law claims are heard in the proper state law forum. Accordingly, 'equitable remand' under section 1452(b) here weighs strongly in favor of remand. *See* 28 U.S.C. § 1452(b) (stating that "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground"). Similarly, 'discretionary' or 'permissive abstention' under section 1334(c)(1) additionally provides compelling grounds for remand. *See* 28 U.S.C. § 1334(c)(1) (providing that "[n]othing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11").

While the equities weigh in favor of equitable remand and permissive abstention, this Court does not even need to reach these considerations because the lack of subject matter jurisdiction over the underlying state law claims requires this Court to remand this Action to Kings County Superior Court.

### 1. Remand Is Required Because this Court Lacks Subject Matter Jurisdiction.

"The jurisdiction of the bankruptcy courts, like that of other federal courts, is grounded in and limited by statute." *Celotex Corp. v. Edwards*, 514 U.S. 300, 307 (1995). Those who invoke the federal court's removal jurisdiction have the burden of establishing federal jurisdiction.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

MPA ISO MOTION FOR REMAND TO STATE COURT,
ABSTENTION, OR ALTERNATIVELY TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION

- 7 -

| | |
|---|---|
| 1 | *United Computer Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 763 (9th Cir. 2002). As the removal |
| 2 | statute is strictly construed against removal, doubts as to jurisdiction are resolved in favor of |
| 3 | remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). To this end, the Ninth Circuit |
| 4 | applies a "'strong presumption' against removal jurisdiction." *Id.* |
| 5 | The statutory authority for removal of claims related to bankruptcy cases provides: |
| 6 | A party may remove any claim or cause of action in a civil action other than a proceeding |
| 7 | before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district |
| 8 | where such civil action is pending, *if such district court has jurisdiction of such claim or cause of action under section 1334 of this title*. |
| 9 | 28 U.S.C. § 1452(a) (emphasis added). *See also* 28 U.S.C. § 1447(c) (requiring remand if the |
| 10 | court lacks subject matter jurisdiction). The district courts have original, but not exclusive, |
| 11 | jurisdiction of civil proceedings arising under, arising in or related to cases under title 11. 28 |
| 12 | U.S.C. § 1334(b). District courts may refer bankruptcy cases to bankruptcy courts pursuant to 28 |
| 13 | U.S.C. § 157(a). |
| 14 | Accordingly, this Court lacks subject matter jurisdiction over this Action because the |
| 15 | underlying state law claims do not (a) arise under title 11, (b) arise in title 11, or (c) relate to the |
| 16 | Debtors' bankruptcy case. Therefore, remand is required. 28 U.S.C. § 1447 (c); 28 U.S.C. § |
| 17 | 1452(a)-(b). |
| 18 | a. **The State Law Claims At Issue Here Do Not Arise Under Title 11 or In** |
| 19 | **A Title 11 Proceeding.** |
| 20 | A civil proceeding that "arises under" title 11 is "any matter under which a claim is made |
| 21 | under a provision of title 11." *Nat'l City Bank v. Coopers and Lybrand*, 802 F.2d 990, 994 (8th |
| 22 | Cir. 1986). Examples of "arising under" title 11 claims include, *inter alia*, "a claim of exemption |
| 23 | under 11 U.S.C. § 522 or a claim of discrimination in violation of 11 U.S.C. § 525." *Id.* (citing |
| 24 | H.R.Rep. No. 595, 95th Cong., 2d Sess. 445-56). The State Court Case alleges only California |
| 25 | common law claims for continuing trespass, nuisance, breach of contract and declaratory relief. |
| 26 | RJN Ex. 8. None of these state common law claims arises under Title 11 – or even arguably |
| 27 | resembles a Title 11 claim. This Court accordingly lacks "arising under" jurisdiction over this |
| 28 | matter. |

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

MPA ISO MOTION FOR REMAND TO STATE COURT,
ABSTENTION, OR ALTERNATIVELY TO DISMISS        - 8 -
FOR LACK OF SUBJECT MATTER JURISDICTION

1   Nor can Olam claim the benefit of "arising in" jurisdiction (§ 1334(b)), which generally

2   refers to "those 'administrative' matters that arise only in bankruptcy cases. "'[A]rising in'

3   proceedings are those that are not based on any right expressly created by title 11, but

4   nevertheless, would have no existence outside of the bankruptcy." *Matter of Wood*, 825 F.2d 90,

5   97 (5th Cir. 1987) (citing 1 Collier on Bankruptcy ¶ 3.01 at 3-23 (1987)); see also *Digeo, Inc. v.*

6   *Hsiao-Shih Chang (In re IPDN Corp.)*, 352 B.R. 870, 876-77 (Bankr. E.D. Mo. 2006) ( "Actions

7   that 'arise in' title 11 principally are administrative matters."). Here, the underlying common law

8   causes of action (breach of contract, continuing nuisance and continuing trespass) are not based

9   on any Title 11 right and in no way arise in or from an administrative matter pertinent to the

10  bankruptcy case. Instead, they involve substantive state law relating to whether Olam is in breach

11  of the wastewater Discharge Agreements, and whether that breach has resulted in and continues

12  to result in a nuisance and trespass by the accumulation of wastewater in excess of the disposal

13  limits permitted in the Discharge Agreement. They have no relation to the bankruptcy matters or

14  title 11.

15      Olam attempts to bootstrap jurisdiction by attempting inartfully to wedge state law claims

16  into Section 157(b)(2)'s enumerated examples of core proceedings. *See* Notice of Removal at ¶¶

17  2-4. Contrary to Olam's assertions that these claims are core proceedings, unless "the action at

18  issue stems from the bankruptcy itself or would necessarily be resolved in the claims allowance

19  process," these state law claims cannot be resolved in this Court. *Stern v. Marshall*, 131 S. Ct.

20  2594, 2618 (2011); *see also In re Schmidt*, 453 B.R. 346, 351 (8th Cir. BAP 2011) (observing

21  that core proceedings are those that arise in a bankruptcy case or under title 11, "regardless of

22  whether the matter can be fitted into one of the enumerated examples in § 157(b)(2))."

23      Furthermore, "[t]here is no 'but for' test for arising in jurisdiction . . . the fact that a matter

24  would not have arisen had there not been a bankruptcy case does not ipso facto mean that the

25  proceeding qualifies as an 'arising in' proceeding." 3 Collier on Bankruptcy ¶ 3.01[3][c][iv]

26  (16th ed. 2011). That Olam might not be polluting the property absent bankruptcy court rulings

27  under which it operates the tomato processing plant is irrelevant. The SSC Farms claims are in

28  no way dependent upon bankruptcy law for their resolution, and in fact can (and must) be

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

MPA ISO MOTION FOR REMAND TO STATE COURT,
ABSTENTION, OR ALTERNATIVELY TO DISMISS          - 9 -
FOR LACK OF SUBJECT MATTER JURISDICTION

resolved entirely in the State Court Case. Therefore, this Court lacks jurisdiction to hear this Action.

### b. This Action Should Be Remanded Because It Is Not "Related To" The Bankruptcy Proceeding.

In order for a civil proceeding to be "related to" the bankruptcy proceeding under section 1334(b), the Court must ask if the

> *outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy*. [citations omitted]. . . . An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

*In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988) (citing *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984) (emphasis in original), overruled on other grounds by *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124 (1995). When a civil proceeding "would not have an impact upon the administration of the bankruptcy case, or on property of the estate, or on the distribution of creditors, [the case] cannot find a home in the district court based on the court's bankruptcy jurisdiction." 3 Collier on Bankruptcy ¶ 3.01[3][c][v] (16th ed. 2011).

Olam has never denied that it is in breach of the Discharge Agreements or that the Discharge Agreements have been validly terminated for breach. No interpretation of the Discharge Agreements by this Court is necessary because this Court already ordered that Olam is "bound by" the Discharge Agreements, which remain "in full force and effect," and that Olam has "no rights greater than those held by the Debtors" under those agreements. *See* Approval Order, RJN Ex. 6, at 2. In essence, there is nothing for this Court to do. The State Court Complaint merely seeks to adjudicate common law claims related to the performance of a binding contract about which the parties have already agreed.

Accordingly, the claims asserted in the State Court Case could not conceivably affect the bankruptcy estate. SSC Farms are not attempting to curtail, alter, or modify the rights and obligations of the Trustee. SSC Farms are simply seeking to recover for Olam's breach of the binding Discharge Agreements, to stop Olam's physical trespass of the land, and to remedy Olam's discharge of wastewater in excess of allowed Permit limits which is presently creating a

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

MPA ISO MOTION FOR REMAND TO STATE COURT,
ABSTENTION, OR ALTERNATIVELY TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION
- 10 -

public and private nuisance. Accordingly, this Action is not "related to" any title 11 proceeding and cannot form the basis for this Court's jurisdiction.

Given that this Action rests on independent state law grounds, does not arise under title 11, and does not arise in or relate to a title 11 bankruptcy case, there is no jurisdictional basis for this Court to hear the underlying state law causes of action. Accordingly, sections 1447(c) and 1452(a)-(b) require this Court to remand this Action to Kings County Superior Court.

### 2. Remand Is Further Justified Under 28 U.S.C. § 1452(b)('Equitable Remand') And/Or 28 U.S.C. § 1334 (c)(1)('Permissive Abstention').

Assuming *arguendo* that jurisdiction could be found on any basis (though it cannot), discretionary factors under 28 U.S.C. § 1452(b) ('equitable remand') and 28 U.S.C. § 1334(c)(1) ('permissive abstention') additionally favor remand.[3]

The Court has broad discretionary power to remand "on any equitable ground" under 28 U.S.C. § 1452(b). The Ninth Circuit Bankruptcy Panel stated unambiguously in *McCarthy v. Prince*: "This 'any equitable ground' remand standard is an unusually broad grant of authority. It subsumes and reaches beyond all the reasons for remand under nonbankruptcy removal statutes." 230 B.R. 414, 417 (9th Cir. BAP 1999). The court considers the same factors to determine equitable remand under § 1452(b) that are used to determine permissive abstention under § 1334(c)(1). *W. Helicopters Inc. v. Hiller Aviation, Inc.*, 97 B.R.1, 5 (Bankr. E.D. Cal. 1988); *In re Enron Corp.*, 296 B.R. 505, 508, n.2 (Bankr. C.D. Cal. 2003) (importing discretionary abstention factors into remand analysis and finding remand proper); *Smith v. Wal-Mart Stores, Inc.*, 305 F. Supp. 2d 652, 657, n.8 (S.D. Miss. 2003) ("Because the doctrines of discretionary

---

[3]      If jurisdiction were to exist, this Action would also be subject to 'mandatory abstention' pursuant to 28 U.S.C. § 1334(c)(2); *see also Bally Total Fitness Corp., v. Contra Costa Retail Ctr*, 384 B.R. 566, 570 (Bankr. N.D. Cal. 2008)). However, there is a split of authority between the federal circuits as to whether mandatory abstention under § 1334(c)(2) is applicable to cases removed from state court, or whether removal itself extinguishes the pending state court proceeding. *See Sec. Farms v. Int'l Bd. Of Teamsters*, 124 F.3d 999, 1009-10 (9th Cir. 1997); *see In re National Century Financial Enterprises, Inc., Investment Litigation* 323 F. Supp. 2d 861, 875-76 (S. D. Ohio 2004) (noting that "the 'vast majority' of courts disagree with the Ninth Circuit and hold that mandatory abstention does apply to actions removed under § 1452(a)," including the Fifth, Sixth, and Eleventh Circuits which have addressed the issue).

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

MPA ISO MOTION FOR REMAND TO STATE COURT,
ABSTENTION, OR ALTERNATIVELY TO DISMISS            - 11 -
FOR LACK OF SUBJECT MATTER JURISDICTION

1     abstention and equitable remand are very similar, there is an overlap between the two regarding

2     factors for the court to consider.")

3        In determining whether permissive abstention should be granted, courts in the Ninth

4     Circuit look to the following twelve factors:

5        (1) the effect or lack thereof on the efficient administration of the estate if a Court
6        recommends abstention, (2) the extent to which state law issues predominate over
bankruptcy issues, (3) the difficulty or unsettled nature of the applicable law, (4)
7        the presence of a related proceeding commenced in state court or other
nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. §
8        1334, (6) the degree of relatedness or remoteness of the proceeding to the main
bankruptcy case, (7) the substance rather than form of an asserted 'core'
9        proceeding, (8) the feasibility of severing state law claims from core bankruptcy
matters to allow judgments to be entered in state court with enforcement left to the
10        bankruptcy court, (9) the burden of [the bankruptcy court's] docket, (10) the
likelihood that the commencement of the proceeding in bankruptcy court involves
11        forum shopping by one of the parties, (11) the existence of a right to a jury trial,
and (12) the presence in the proceeding of nondebtor parties.

12     *In re Tucson Estates, Inc.*, 912 F.2d 1162, 1167 (9th Cir. 1990); *In re Eastport Associates*, 935

13     F.2d 1071, 1075-76 (9th Cir. 1991) (stating *Tucson Estates* factors should be considered when

14     evaluating whether to abstain under § 1334(c)(1)).

15        As discussed below, this Action satisfies each *Tucson Estates* factor, and the equities

16     weigh heavily in favor of remand either under equitable remand or permissive abstention:

17       •   (1) ***The effect or lack thereof on the efficient administration of the estate if a Court***

18         ***recommends abstention***: The state law claims at the heart of the State Court

19         Complaint could not conceivably effect the administration of the estate. The State

20         Court Complaint does not require the Kings County Superior Court to interpret the

21         Discharge Agreements because this Court already ordered that Olam is "bound by" the

22         Discharge Agreements, which remain "in full force and effect," and that Olam has "no

23         rights greater than those held by the Debtors" under those agreements. *See* Approval

24         Order, RJN Ex. 6, at 2. As this Court noted at the TRO Application hearing, Olam is

25         asking this Court to exercise jurisdiction over a transaction that this Court approved

26         two years ago between Olam and Farms. September 22, 2011 TRO Application

27         Hearing Transcript ("Tr.") (Dkt. No. 34 at p. 34:20-22, October 6, 2011). But, as this

28         Court noted, "the bottom line here is that the business was sold, the wastewater

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

MPA ISO MOTION FOR REMAND TO STATE COURT,
ABSTENTION, OR ALTERNATIVELY TO DISMISS     - 12 -
FOR LACK OF SUBJECT MATTER JURISDICTION

1    discharge contracts are attendant to the business." Tr. at pp. 34:25-35:1-2.  Therefore,

2    the State Court Complaint seeks to adjudicate the common law claims related to the

3    performance of the contracts, which in no way effects the administration of the

4    bankruptcy estate.  This factor weighs in favor of remand.

5    • (2) ***The extent to which state law issues predominate over bankruptcy issues***:  This

6    Action involves exclusively California law claims of breach of contract, continuing

7    trespass and nuisance, and declaratory relief.  Olam's counterclaim similarly seeks

8    relief under California law.  *See* Counterclaim at ¶¶ 22-26 (intentional interference

9    with contract); *id.* at ¶¶ 27-30(trespass); *id.* at ¶¶ 31-34(declaratory relief); and *id.* at

10   ¶¶ 35-37(injunctive relief).  Therefore, as the Court noted, "these issues are going to

11   hinge  -- or the outcome of this litigation is going to hinge on whether there is a breach

12   of the master agreement.  And those issues are going to be governed by state law."  Tr.

13   at p. 35:8-11.  There are no bankruptcy issues involved, and this factor weighs in favor

14   of remand.

15   • (3) ***The difficulty or unsettled nature of the applicable law***:  The state law at issue is

16   neither difficult nor novel.  At issue are common law claims which the Kings County

17   Superior Court is amply qualified to adjudicate.  As the Court noted in the TRO

18   Application Hearing, "Compliance or non-compliance, it's a contract law issue.  And

19   it seems to me, especially with some of the, you know, the water board issues that are

20   going to come up, it seems to me the state court is very capable of handling those

21   issues."  Tr. at p. 22: 5-9.  Therefore, this factor weighs in favor of remand.

22   • (4) ***The presence of a related proceeding commenced in state court or other***

23   ***nonbankruptcy court***:  SSC Farms filed the State Court Complaint on September 13,

24   2011 in Kings County Superior Court.  Because the State Court Complaint constitutes

25   a proceeding commenced in state court, this factor weighs in favor of remand.

26   • (5) ***The jurisdictional basis, if any, other than 28 U.S.C. § 1334:*** There is no federal

27   jurisdiction whatsoever, let alone any independent federal jurisdiction outside of 28

28   U.S.C. § 1334.  Nor can Olam's Counterclaim, which is based on state law,

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

MPA ISO MOTION FOR REMAND TO STATE COURT,
ABSTENTION, OR ALTERNATIVELY TO DISMISS                    - 13 -
FOR LACK OF SUBJECT MATTER JURISDICTION

manufacture federal or bankruptcy jurisdiction when plaintiff's complaint is based solely on California law. *See Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 US 826, 830-31 (2002). Accordingly, the lack of any jurisdictional basis weighs in favor of demand.

- (6) ***The degree of relatedness or remoteness of the proceeding to the main bankruptcy case***: As discussed *supra*, this Action has no relation to the bankruptcy proceeding but for the fact that Olam, as a subsequent purchaser, was bound by the Wastewater Discharge Agreements that arose from the Approval Order in the bankruptcy proceeding. As this Court noted in the TRO Application Hearing:

> And it seems to me -- and I am scratching my head as to why [sic] in front of me -- I think the connection between the underlying counterclaim and this Court is very tenuous, in that the issues that may pop up, and that is, the interpretation of the compromise order are so negligible as compared to the breach of the contract issues that the parties should be addressing…

Tr. at pp. 11:22-12:4. Accordingly, adjudication of SSC Farms state law claims would have no effect on the bankruptcy case. This factor weighs in favor of remand.

- (7) ***The substance rather than form of an asserted 'core' proceeding***: As discussed *supra* in Part A.1.a, this Action does not arise under or arise in a title 11 proceeding. There are no components of this proceeding that can be considered 'core.' Contrary to Olam's assertions that these claims are core proceedings, unless "the action at issue stems from the bankruptcy itself or would necessarily be resolved in the claims allowance process," these state law claims cannot be resolved in this Court. *Stern*, 131 S. Ct. at 2618. This Action, in both form and substance, is a state law dispute that can and should be heard in state court, and thus this factor weighs in favor of remand.

- (8) ***The feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court:*** There are no core bankruptcy matters from which to sever the state law claims. This Action consists solely of state law claims, and thus this factor weighs in favor of remand.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

MPA ISO MOTION FOR REMAND TO STATE COURT, ABSTENTION, OR ALTERNATIVELY TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

- 14 -

- (9) ***The burden of [the bankruptcy court's] docket:*** Not only does this Court lack jurisdiction, but hearing this state law claim would unnecessarily burden the Eastern District Bankruptcy Court's already heavy docket. This factor weighs in favor of remand.

- (10) ***The likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties:*** Olam's removal of this Action to this Court was a blatant attempt to forum shop and delay effective enforcement. As this Court observed: "how long is this Court going to try to monitor disputes between Olam and Farms when this business was sold two years ago?" Tr. at p. 28: 8-10. Olam had no basis to bring this Action into this Court given the clear state law basis, and thus this factor weighs in favor of remand.

- (11) ***The existence of a right to a jury trial:*** SSC Farms has requested a jury trial in the State Court Complaint. SSC Farms is entitled to a jury trial on its breach of contract and declaratory action claims. "[A] suit to recover damages for ... breach of contract is an action at law in which a right to jury trial ordinarily exists." *Caira v. Offner*, 126 Cal. App. 4th 12, 26 (2005) (citing *Raedeke v. Gibraltar Sav. & Loan Ass'n.*, 10 Cal. 3d 665, 671 (1974)). "Where an action for declaratory relief is in effect used as a substitute for an action at law for breach of contract, a party is entitled to a jury trial as a matter of right." *Id.* at 25-26 (citing *Patterson v. Ins. Co. of N. Am.*, 6 Cal. App. 3d 310, 315 (1970) (italics added in *Caira*)). Thus, the presence of the right to a jury trial in the breach of contract and declaratory action claims militates toward equitable remand.

- (12) ***The presence in the proceeding of non-debtor parties***: Both SSC Farms and Olam are non-debtor parties. Accordingly, this factor weighs in favor of equitable remand.

Additionally, considerations of comity and prejudice favor equitable remand. *Bally Total Fitness Corp.*, 384 B.R. at 572 (evaluating additional permissive abstention factors of comity and prejudice to involuntarily removed party). Here, "[c]omity dictates that California courts should

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

MPA ISO MOTION FOR REMAND TO STATE COURT,
ABSTENTION, OR ALTERNATIVELY TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION

- 15 -

1    have the right to adjudicate the exclusively state law claims involving California-centric plaintiffs
2    and California-centric transactions." *In re Enron Corp.,* 296 B.R. at 509.  Jurisdiction and venue
3    in Kings County Superior Court (this Action's original venue) is proper as SSC Farms, Olam, the
4    Property, and the locus of rights and responsibilities contained in the Discharge Agreement all lie
5    in Kings County.  Familiar with and attuned to the agricultural industry in which this dispute
6    arises, the Kings County Superior Court can timely and ably adjudicate this Action.  Therefore,
7    this Court should abstain on grounds of comity with the Kings County Superior Court.  Similarly,
8    as the party involuntarily removed from state court, SSC Farms has been involuntarily prejudiced.
9    Olam's ongoing wrongful acts –including illegal pollution – interfere with SSC Farms' property
10   rights; SSC Farms should receive a speedy adjudication of its pressing claims in the state court
11   forum it selected.

12         Accordingly, even if this Court were to find jurisdiction (which does not exist in this
13   Action), because *every* Tucson Estates factor for abstention or equitable remand is met, this Court
14   should abstain from hearing the State Court Case and equitably remand this Action to Kings
15   County Superior Court.

16   //
17   //
18   //
19   //
20   //
21   //
22   //
23   //
24   //
25   //
26   //
27   //
28   //

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

MPA ISO MOTION FOR REMAND TO STATE COURT,
ABSTENTION, OR ALTERNATIVELY TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION

- 16 -

1    **B.     THE ADVERSARY PROCEEDING SHOULD IN THE ALTERNATIVE BE
            DISMISSED FOR LACK OF JURISDICTION AND RE-FILED IN STATE
2           COURT.**

3          This state law dispute among California entities has no business in federal court at all.

4    Olam bears the burden of establishing that jurisdiction exists and cannot do so because no

5    diversity exists and federal law is not at issue. *Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1192

6    (2010).This Court should therefore in the alternative dismiss this Adversary Proceeding for lack

7    of subject-matter jurisdiction, with leave to re-file in state court. Fed. R. Civ. P. 12(b)(1); *Cf.*

8    *Security Farms v. Int'l Bd. Of Teamsters,*124 F.3d 99, 1009-10 (9th Cir. 1997) (state court action

9    extinguished by mandatory abstention and must be refiled.)

10

11   Dated: October 14, 2011                       FARELLA BRAUN + MARTEL LLP
                                                    Dean M. Gloster
12                                                  Mark D. Petersen
                                                    Kelly A. Woodruff
13

14
                                                    By: */s/ Kelly A. Woodruff*
15                                                       Kelly A. Woodruff
                                                         Attorneys for
16                                                       SSC Farms I, LLC, and SSC Farms II, LLC

17

18

19

20

21

22

23

24

25

26

27

28

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

MPA ISO MOTION FOR REMAND TO STATE COURT,
ABSTENTION, OR ALTERNATIVELY TO DISMISS                    - 17 -
FOR LACK OF SUBJECT MATTER JURISDICTION